**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

AMMAR'S, INC.,

                Plaintiff,

v.                                CIVIL ACTION NO.  5:10-cv-00023

SINGLESOURCE ROOFING
CORPORATION, et al.,

                Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

Plaintiff, Ammar's Inc. ("Ammar"), a West Virginia Corporation, seeks remand of this breach of contract action to the Circuit Court of Raleigh County, West Virginia, pursuant to 28 U.S.C. § 1447(c), on the grounds that Defendant SingleSource Roofing Corporation ("SingleSource") filed its notice of removal without the written consent of all of the Defendants. (Plaintiff's Motion to Remand  ("Pl.'s Mot.") (Document No. 7), ¶¶ 3-5.)  Plaintiff also moves pursuant to 28 U.S.C. § 1447(c) to recover its costs and expenses, including attorney's fees, incurred as a result of SingleSource's removal.  Upon consideration of the motion, the memoranda in support thereof and in opposition thereto, the attached exhibits and the entire record herein, the Court **GRANTS IN PART** Plaintiff's Motion to Remand.

1

Ammar's Inc., v. Singlesource Roofing Corp., et al

## I. BACKGROUND AND PROCEDURAL HISTORY

On December 4, 2009, Plaintiff Ammar commenced this action in the state court against By-Pass Plaza, 1989 Limited Partnership ("By-Pass Plaza") with its citizenship in Pennsylvania, the Glimcher Group, Inc. ("Glimcher"), a Pennsylvania Corporation and general partner of By-Pass Plaza,[1] and SingleSource, a Pennsylvania Corporation. ((Notice of Removal, Ex. 1, Complaint ("Complaint") (Document No. 1-1), ¶¶ 2-4); Answer of By-Pass Plaza, 1989 Limited Partnership and Glimcher Group, Inc ("Answer") (Document No. 6), ¶¶ 3-4.)  In its complaint, Plaintiff alleges that: on August 1, 2003, By-Pass Plaza, through its partner Glimcher Group, leased to Plaintiff a store building, in the By-Pass Plaza Shopping Center in Beckley, West Virginia; pursuant to the lease agreement, By-Pass Plaza agreed, *inter alia*, to be responsible for maintenance and roof repair during the first year of the tenancy, with Plaintiff accepting such responsibility thereafter; SingleSource originally installed the roof on the leased premises prior to the lease agreement; SingleSource provided a twenty-year warranty with a coverage start date of May 23, 1995 ("1995 warranty"); By-Pass assigned this 1995 warranty for roof repair and maintenance to Plaintiff as a term of the lease agreement; subsequent to the 2003 lease agreement, SingleSource performed roof repair and maintenance on the leased property, but failed to advise that the roof needed additional repairs; SingleSource recently inspected the roof and determined that significant roof repairs are required, but has refused to perform such repair work pursuant to the 1995 warranty. (Complaint, ¶¶ 5-12.) Plaintiff further alleges that Glimcher Group as the initial holder of the warranty "and equity partner

---

[1]   The parties disagree about the status of Glimcher Group as it relates to By-Pass Plaza.  Plaintiff, in its complaint, alleges that Glimcher is an equity partner in the By-Pass Plaza limited partnership (Complaint, ¶ 5); while, Glimcher, in its Answer, asserts that it is a general partner in the limited partnership.  (Answer, ¶ 4.)  The undersigned makes no findings herein with respect to the accuracy of either parties' representations on this matter.

2

Ammar's Inc., v. Singlesource Roofing Corp., et al

of By-Pass Plaza, has an obligation to [P]laintiff to enforce the roof warranty[]"[2] or if Glimcher refuses or the warranty is unenforceable by Plaintiff, "Glimcher Group has a legal obligation to perform the necessary roof maintenance and repairs which otherwise would have been performed pursuant to that warranty."  (Complaint, ¶¶ 13-14.)

Plaintiff, in the underlying pleading, asserts four claims against the Defendants which include allegations of negligence and the specific performance of the warranty and the lease agreement. Plaintiff demands enforcement of the lease or warranty, or alternatively, an amount equal to the cost required to perform the necessary repairs and/or maintenance to the roof.   Plaintiff also seeks pre-judgment and  post-judgment interest, costs and attorney's fees. (Complaint at 4-5.)

On January 8, 2010, SingleSource removed the case to this Court pursuant to 28 U.S.C. § 1441 (Notice of Removal ("Notice") (Document No. 1).)   SingleSource asserts this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), purporting that complete diversity of citizenship between the parties exists, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  (Notice, ¶¶ 12-13.)  In its notice of removal, SingleSource also asserted that "[a]ll Defendants, including By-Pass and Glimcher Group, consent to the removal of this action . . . through the filing of this Notice of Removal."   (Notice, ¶ 15.)

---

[2] *See supra* n.1.

Ammar's Inc., v. Singlesource Roofing Corp., et al

## II.  THE PARTIES' CONTENTIONS

*Plaintiff's Motion to Remand (Document No. 7)*

Plaintiff contends that SingleSource's averment that Defendants By-Pass Plaza and Glimcher consented to the removal does not satisfy the "rule of unanimity."  (Memorandum in Support of Motion to Remand ("Pl.'s Memo.") (Document No. 8) at 3.)  Plaintiff asserts that each defendant must independently or unambiguously consent to the removal petition filed by another defendant. (*Id*. at 2.)  Plaintiff argues that Defendants By-Pass Plaza and Glimcher neither signed the notice of removal nor submitted a separately written verification of their consent, and that SingleSource did not cast its notice as a jointly submitted document.[3]  (*Id*. at 2-3.)  Plaintiff further argues that "28 U.S.C. § 1446 requires that all defendants . . . consent . . . either personally or through their counsel, not through another party's attorney." (*Id*. at 3.)  Given that Defendants By-Pass Plaza and Glimcher are represented by separate counsel, Plaintiff contends that the failure to effectively consent warrants remand. (*Id*.)

SingleSource opposes a remand for two reasons: (1) its notice of removal included a representation with respect to By-Pass Plaza and Glimcher's consent and (2) Defendants By-Pass Plaza and Glimcher confirmed their consent to the removal by filing an Answer within 5 days of the filing of the removal petition in accordance with Rule 81 of the Federal Rules of Civil Procedure. (Memorandum of Law in Opposition to Plaintiff's Motion to Remand ("Def.'s Oppn.") (Document No. 9) at 1.)  Defendant does not dispute that all defendants must join in the notice of removal, but

---

[3]  Plaintiff concedes that SingleSource timely filed its notice of removal on January 8, 2010. (Pl.'s Mot., ¶2.)

*Ammar's Inc., v. Singlesource Roofing Corp., et al*

opposes the contention that all defendants have to sign a single joint notice.[4] (*Id.* at 2.)  SingleSource argues that in the week preceding the filing of its notice of removal it sought confirmation of By-Pass Plaza and Glimcher's consent, but their counsel–who had  yet to enter an appearance–was unavailable (*see id.*); that on the day it filed its removal notice, counsel for SingleSource obtained consent to the removal from "Robert Glimcher–the representative of Glimcher/By-Pass–by telephone as Mr. Glimcher was en route to the airport to travel to Switzerland."[5]  (*Id.*)  SingleSource further argues that because Mr. Glimcher was en route to Switzerland, it "was unable to secure a separate writing signed by Mr. Glimcher which acknowledged the consent of Glimcher/By-Pass to the removal of this matter to the District Court."  (*Id.*)

In its Reply, Plaintiff asserted that Defendant's reliance on *Dorsey v. Borg-Warner Automotive, Inc.* was misplaced in light of the court's holding that allowing one party, through counsel, to bind another or represent other parties without express consent would have serious adverse repercussions on litigation.  (Ammar's Inc. Reply Memorandum of Law in Support of Motion to Remand ("Pl.'s Reply") (Document No. 10) at 1.)  Plaintiff also asserted that Defendants

---

[4]  In support of this assertion, Defendant relies on *Dorsey v. Borg-Warner Automotive, Inc.*, 218 F.Supp. 2d 817 (S.D. W. Va. 2002) (Haden, J.).  *See infra* n.9.

[5]  SingleSource supported its argument with the affidavit of Robert J. Behling, shareholder in the law firm of Dapper, Baldasare, Benson, Behling & Kane, P.C., detailing the events which led to the telephone communication with Mr. Glimcher.  (Def.'s Memo. Ex.1, Affidavit of Robert J. Behling ("Behling Aff.") (Document No. 9-1), ¶ 4.)  In his affidavit, Mr. Behling provided that he was directed to inform Defendants By-Pass Plaza and Glimcher's counsel of their consent to the removal.  *See id.* ¶¶ 13-14 ("During the January 8, 2010 telephone conversation, Mr. Glimcher requested that I inform Glimcher/By-Pass' counsel of their consent to the removal of this matter to the District Court.  Per Mr. Glimcher's request, I left a message with the office of Glimcher/By-Pass's counsel informing him of his client's consent to the removal of this action to the District Court.")

Ammar's Inc., v. Singlesource Roofing Corp., et al

By-Pass Plaza and Glimcher's Answer was not filed within 30 days of service of the Complaint and did not make any reference or affirmative consent to removal.

## III.    APPLICABLE LAW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441.[6]  A federal district court has original jurisdiction over cases between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1).  Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441.  In particular, Section1446 states that "[a] *defendant or defendants* desiring to remove any civil action . . . from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure[.]" 28 U.S.C. § 1446(a) (emphasis added).  Moreover, the Fourth Circuit has noted in dicta that:

> All defendants must unanimously join in or consent to a removal action within 30 days of receiving service of the complaint.  Because the filing requirements contained in 28 U.S.C. § 1446 are mandatory, there is no federal jurisdiction when one of the defendants fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service.

---

[6]  Section 1441(a) states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Ammar's Inc., v. Singlesource Roofing Corp., et al

*Wilkins v. Corr. Med. Sys.*, No. 90-7155, 1991 WL 68791, at *2 n.2 (4th Cir. May 3, 1991) (unpublished) (citations omitted); *see Constantin v. Fogle*, Civil Action No. 5:09CV129, 2010 WL 174112, at * 1 (N.D. W. Va. Jan. 15, 2010) ("While the removal statute does not explicitly require all defendants to join in the removal, it is well established that in a multi-defendant case, effective removal requires that all defendants consent to removal.") (citing *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1237 (N.D. W. Va 1993); *Chicago, R.I. & P.R. Co. v. Martin*, 178 U.S. 245 (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970)). *See Cunningham v. Bombay Productions, Inc.*, 309 F.Supp. 2d 835, 836-37 (S.D. W. Va. 2004) (remanding case where "all defendants did not officially and unambiguously consent to removal within the thirty-day statutory time period").

It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *See Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted).  In deciding whether to remand, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc*., 187 F.3d 422, 425 (4th Cir. 1999); *see Guyon v. Basso*, 403 F.Supp. 2d 502, 505 (E.D. Va. 2005) ("Doubts about the propriety of removal should be resolved in favor of remanding the case to state court.") (citing *Dixon v. Coburg Dairy, Inc*., 369 F.3d 811, 816 (4th Cir. 2004)).

Ammar's Inc., v. Singlesource Roofing Corp., et al

## IV.   ANALYSIS

### A.  *SingleSource's notice of removal is defective*

The issue before the Court is whether SingleSource's assertion, by its counsel, in its notice of removal, that all Defendants consented to removal is sufficient to constitute consent of all Defendants, as required by 28 U.S.C. § 1446.  The Court finds that it is not.

The record, at the time of removal, indicates that SingleSource and Defendants By-Pass Plaza and Glimcher were represented by separate counsel, that SingleSource's notice of removal was signed only by counsel for SingleSource, and that despite being served with the initial pleading on December 10, 2009 (the same date as SingleSource (*see* Pl.'s Mot., ¶ 2.)), counsel for By-Pass Plaza and Glimcher neither separately nor jointly filed any removal notices, or filed any affidavits to assert their consent to the removal within the thirty-day period following service of process.  The Court finds that the instant case is akin to *Creekmore v. Food Lion, Inc., et al.*, 797 F.Supp. 505 (E.D. Va. 1992).  In *Creekmore*, one of the three defendants filed a notice of removal which included a statement that the other two defendants consented to the removal.  Like the case at bar, the other two defendants did not separately or jointly file a notice of removal or file any affidavit of their formal consent to the removal.  The court concluded that the removing defendant's representation was not sufficient to satisfy Section 1446.  (*Id*. at 508-509.)  The court also rejected the assertion that such consent was not required in light of the removing defendant's signature on the notice of removal, pursuant to Rule 11 of Federal Rules of Civil Procedure.[7]  (*Id.*)  The Court finds the *Creekmore*

---

[7]   The court found  that "Rule 11 does not authorize one party to make representations or file pleadings on behalf of another [party].  Rather,  Rule 11 requires that each pleading, motion, or other paper submitted to the court be

(continued...)

Ammar's Inc., v. Singlesource Roofing Corp., et al

findings persuasive.  Thus, while all defendants are not required to sign the same notice of removal, each consenting defendant must independently and unambiguously file a notice, or other document, advising the court of that defendant's consent within the thirty-day period.  *See Wilkins*, 1991 WL 68791, at *2 n.2.

Although the prior findings are dispositive, the court will address SingleSource's arguments in turn.  In its opposition, SingleSource argued that Defendants By-Pass Plaza and Glimcher's consent to the removal was obtained from a telephone conversation with a "representative of Glimcher/By-Pass. " (Def.'s Oppn. at 2.)  The undersigned finds SingleSource's argument is fatally flawed as there is nothing in the record to support that this "representative" has any authority to bind either By-Pass Plaza or Glimcher to litigation in a federal court.[8]  Moreover, the record is devoid of any effort of this "representative" to confirm that such consent was given or to explain what occasioned Defendants By-Pass Plaza and Glimcher's failure to provide a timely confirmation of their consent upon the appointment of counsel or the arrival of the purported "representative" to his destination.[9]

---

[7](...continued)
signed by the party or its attorney of record, if represented."  (*Id*).

[8]  At the time SingleSource sought Defendants By-Pass Plaza and Glimcher's consent, their counsel had not yet entered an appearance.  (Def.'s Oppn at 2.)  The Court observes that in the several months since this case was initially removed, Defendants By-Pass Plaza and Glimcher have not filed an opposition or other response to Plaintiff's motion to remand.  The Court is left to wonder whether Defendants By-Pass Plaza and Glimcher really consent to the removal.  When faced with such ambiguity, the propriety of removal should be resolved in favor of a remand.

[9]  SingleSource, relying on *Dorsey v. Borg-Warner Automotive, Inc.*, states that "[w]hile all defendants must 'join' in the notice of removal, it is not a requirement that all defendants 'sign' a single joint notice of removal." (Def.'s Oppn. at 2.)  The undersigned does not dispute this assertion.  However, *Dorsey* is not helpful to SingleSource.  In *Dorsey*, plaintiffs brought three related state court actions against various defendants, two of whom sought removal and asserted that two other defendants were fraudulently joined to defeat diversity jurisdiction.  On the date the removal was

(continued...)

9

Ammar's Inc., v. Singlesource Roofing Corp., et al

It is the burden of the defendant to show that this court's jurisdiction has been properly invoked. *See Dorsey v. Borg-Warner Automotive, Inc.*, 218 F.Supp. 2d 817 (S.D. W. Va. 2002) (Haden, J.) ("The burden of establishing the propriety of removal falls upon the removing party. If federal jurisdiction is doubtful, remand is necessary.") (citations omitted). The Court finds that SingleSource, in its notice and opposition, has failed to sufficiently carry its burden because its removal is defective. "The law of this district is that failure of all defendants to join in the removal notice constitutes a procedural defect, which may be waived if not objected to within 30 days after filing of the removal notice." *Lloyd v. Cabell Huntington Hosptial, Inc., et al.*, 58 F.Supp. 2d 694, 697-98 (S.D. W. Va. 1999) (Haden, J.) (citation omitted). Plaintiff has not waived its objection.

SingleSource also argues that Defendants By-Pass Plaza and Glimcher's consent is evidenced by the filing of an Answer within five days of the removal. The undersigned has reviewed the Answer and finds that it does not contain any affirmative or unambiguous manifestations of consent to the removal. In fact, the Answer does not contain any reference to the removal at all. SingleSource has offered no authority for the proposition that the filing of a responsive pleading, which does not contain any affirmative statement or reference of a party's desire to consent to the notice of removal, is sufficient to serve as consent to removal. Thus, the undersigned finds that removal is not warranted. *See Daniels v. Town of Farmville, et al.*, Civil Action No.3:07CV653, 2007 WL 4246478 (E.D. Va. Nov. 29, 2007) ("'An answer that is wholly silent on removal, as here,

---

[9](...continued)

sought, a notice of consent to removal was filed purportedly by the remaining Defendants, however the notice was signed by counsel for the removing defendants. The court observed that it was "unexplained . . . why the four [other defendants] if they consented, did not file consent notices seasonably [after they purportedly provided their consent to the removing defendants.]" Dorsey, 218 F.Supp. 2d at 820. Noting this ambiguity, *inter alia*, the court concluded that all Defendants had not officially and unambiguously consented to the removal.

Ammar's Inc., v. Singlesource Roofing Corp., et al

falls far short of [the required] standard' [to constitute consent to removal][.]") (quoting *Unicom Sys., Inc. v. Nat'l Louis Univ.*, 262 F.Supp. 2d 638, 642 (E.D. Va. 2003)) (citations omitted).

## B.   There is no evidence to support diversity jurisdiction

Assuming, *arguendo*, that the notice of removal did not contain a fatal defect, the undersigned finds that remand is warranted in consideration of SingleSource's invocation of this Court's jurisdiction.  SingleSource asserts that diversity jurisdiction exists by alleging that the parties are diverse and that the required jurisdictional amount in controversy is satisfied.  (Notice, ¶¶ 11-12.)

SingleSource has the burden to show the existence of federal jurisdiction by a preponderance of the evidence.  *See Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932, 935 (S.D. W. Va. 1996) (Copenhaver, J.) (When "[a] defendant . . . removes a case from state court in which the damages sought are unspecified, asserting the existence of federal jurisdiction, [the defendant] must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount."); *see also White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481,488 (S.D. W. Va. 2001) (noting that courts in this district have engaged in some debate with respect to the burden of proof applicable to determine the amount in controversy in cases where the complaint does not specify a sum certain in the complaint.).  A defendant must furnish evidence in support of the statutory jurisdictional amount.  "[A] mere assertion that the amount in controversy exceeds $75,000.00 is insufficient to meet this burden."  *White*, 2009 WL 2762060 at *2.

Ammar's Inc., v. Singlesource Roofing Corp., et al

The record before the court, as it existed at the time of removal, is entirely devoid of any evidence with respect to the satisfaction of the statutory jurisdictional amount.  The Court has before it only SingleSource's unsupported allegation that:

> Plaintiff's Complaint contains various claims for unliquidated damages arising out of the purported failure to make the allegedly substantial warranty repairs to the roof and seeks, inter alia judgments against the Defendants for the amount of the costs associated with performing the substantial repairs.   The various claims for unliquidated damages contained in Plaintiff's Complaint include pre-judgment interest, post-judgment interest, costs, attorneys' fees, and 'such other relief as may be deemed necessary or just . . . .'

(Notice of Removal, ¶ 11.)  There is no evidence with respect to any actual damages incurred by Plaintiff or how much the required repairs are likely to cost.  On these facts, the Court has no basis upon which to assert that the jurisdictional amount has been met.  Thus, SingleSource has failed to meet its burden of showing by a preponderance of the evidence that the requirement has been met.

*C.  Attorneys' fees*

The undersigned next considers Plaintiff's request for "costs and actual expenses, including attorney's fees incurred as a result of the improvident removal[.]"  (Pl.'s Mot. at 1.)  Pursuant to 28 U.S.C. 1447 (c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The United States Supreme Court in *Martin v. Franklin Capitol Corp.*, 546 U.S. 132 (2005), has instructed that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis

12

Ammar's Inc., v. Singlesource Roofing Corp., et al

exists, fees should be denied." (*Martin*, 546 U.S. at 141) (citations omitted).  Both parties fail to

address this standard.  If Plaintiff wishes to proceed upon its request for an award of attorney fees

and costs incurred herein pursuant to 28 U.S.C. § 1447(c), it shall file a Motion and an

accompanying Memorandum in Support asserting its request and reasons in light of the standard

articulated in *Martin*, including an itemized statement of the reasonable fees and costs which have

been incurred herein by June 18, 2010.  SingleSource, no later than July 2, 2010, shall file an

opposition or other response; Plaintiff may file a reply to such response by July 16, 2010.


## V.  CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (Document No. 7) is **GRANTED**

**IN PART.**  The Court **REMANDS** this case to the Circuit Court of Raleigh County for further

proceedings.  Further, the Court does hereby **ORDER** that Plaintiff, if it desires to proceed upon its

request for an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c), file a motion and

an accompanying memorandum asserting the same in light of the standard articulated in *Martin*,

including an itemized statement of the reasonable fees and costs which have been incurred herein,

13

Ammar's Inc., v. Singlesource Roofing Corp., et al

by June 18, 2010.  SingleSource shall file an opposition, or other response, no later than July 2, 2010; Plaintiff shall file a reply to such response by July 16, 2010.

The Court **DIRECTS** the Clerk to send a certified copy of this Memorandum Opinion and Order to the Circuit Clerk of Raleigh County, West Virginia and a copy to counsel of record.

ENTER:        May 17, 2010

IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

14